UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

BRYANT A. COOK, )
 )
    Plaintiff, )
 )
v. ) Case No. 1:09-cv-101
 ) Judge Edgar
 )
RIC COOPER and )
A1 ACTION INVESTIGATIONS, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This is an action to recover compensatory damages on a breach of contract claim. Plaintiff Bryant A. Cook ("Cook"), a federal prisoner in the custody of the United States Bureau of Prisons, seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Section 1332(a) provides in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states ...."

The Court gave notice to plaintiff Cook that it appears from the face of his complaint that he cannot establish the amount in controversy actually exceeds the sum or value of $75,000 for purposes of invoking diversity jurisdiction under 28 U.S.C. § 1332(a). This Court is guided by *Erdman v. Robinson*, 115 Fed. Appx. 778 (6th Cir. 2004). Cook was ordered to show good cause why his complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) on the ground of lack of subject matter jurisdiction. [Doc. No. 8]. In his response, Cook seeks to distinguish

1

his case from *Erdman*. [Doc. No. 9]. After reviewing the record, the Court concludes that plaintiff Cook's complaint shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) on the ground of lack of subject matter jurisdiction.

**I.      Subject Matter Jurisdiction and Standard of Review**

The first and most fundamental question presented in every civil action brought in federal court is whether there is subject matter jurisdiction. *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008); *Valinski v. Detroit Edison*, 197 Fed. Appx. 403, 405 (6th Cir. 2006); *Caudill v. North American Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 606-07 (6th Cir. 1998). The Court has an independent obligation to investigate and strictly police the boundaries of its subject matter jurisdiction to ensure that jurisdiction exists. *Valinski*, 197 Fed. Appx. at 405; *Olden v. Lafarge Corp.*, 383 F.3d 495, 498 (6th Cir. 2004); *Douglas*, 150 F.3d at 607; *Eagle Capital Funding, LLC v. Lowman Finishing, Inc.*, 2005 WL 1077726, * 2 (E.D. Tenn. March 8, 2005).

The question of lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time. *Valinski*, 197 Fed. Appx. at 405; *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *Erdman*, 115 Fed. Appx. at 779; *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). Fed. R. Civ. P. 12(h)(3) provides: "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

Federal courts are courts of limited jurisdiction and may exercise only those powers authorized by the United States Constitution and federal statutes enacted by Congress. It is presumed that a cause of action lies outside this limited jurisdiction. Because plaintiff Cook is the party seeking to invoke diversity jurisdiction under 28 U.S.C. § 1332(a), he bears the burden of overcoming the

2

presumption and demonstrating that this Court has subject matter jurisdiction over his complaint. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994); *Metro Hydroelectric*, 541 F.3d at 610; *Re/Max International, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001); *Douglas*, 150 F.3d at 606; *Chattanooga Gas Co. v. City of Chattanooga*, 2007 WL 1387505, * 1 (E.D. Tenn. May 7, 2007); *Eagle Capital Funding*, 2005 WL 1077726, at * 2.

The Court reviews the complaint to determine whether the amount in controversy actually exceeds the sum or value of $75,000, exclusive of interest and costs, which is required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). The amount of damages claimed by a plaintiff in a complaint ordinarily controls if the claim is made in good faith. *Erdman*, 115 Fed. Appx. at 779-80; *Gafford v. General Electric Co.*, 997 F.2d 150, 156 (6th Cir. 1993). For this Court to dismiss Cook's complaint on the ground of lack of subject matter jurisdiction, it must appear to a legal certainty that the complaint or claim is really for less than the jurisdictional amount. *Erdman*, 115 Fed. Appx. at 780; *Gafford*, 997 F.2d at 156. The amount in controversy is measured at the time the complaint is filed. *Erdman*, 115 Fed. Appx. at 780; *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

## II. Background: Cook's Criminal Conviction and Motion for Post-Conviction Relief Under 28 U.S.C. § 2255

Plaintiff Cook's complaint arises out his federal criminal conviction and unsuccessful effort to obtain post-conviction relief under 28 U.S.C. § 2255. To facilitate the review of Cook's present civil complaint, the Court takes judicial notice of the following facts and procedural history derived from the official records of this District Court and the Sixth Circuit Court of Appeals.

On June 17, 1997, this District Court entered the judgment of conviction against Cook in

*United States of America v. Bryant Cook*, United States District Court for the Eastern District of Tennessee at Chattanooga, Case No. 1:95-cr-89. Cook took a direct appeal to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed Cook's judgment of conviction and sentence, and dismissed the direct appeal. *United States v. Rooks*, 181 F.3d 105 (Table, text in 1999 WL 357830 (6th Cir. May 25, 1995)), *cert. denied*, 528 U.S.1126 (2000).

Cook next made a motion in this District Court for post-conviction relief pursuant to 28 U.S.C. § 2255 and it was assigned Case No. 1:00-cv-342. It is unnecessary here to discuss everything that occurred in the § 2255 proceeding. It is sufficient to state that on August 5, 2005, this Court denied and dismissed Cook's § 2255 motion. On August 8, 2005, the District Court entered the final judgment. Cook filed a late notice of appeal from the judgment denying his § 2255 motion and the Sixth Circuit Court of Appeals dismissed the appeal as untimely.

In the meantime, Cook's then attorney, Jeffrey M. Brandt ("Brandt") who had his law office in Cincinnati, Ohio, filed a motion for reconsideration on August 25, 2005, which did not cite Fed. R. Civ. P. 59(e). The motion for reconsideration was addressed to the District Court's judgment denying and dismissing Cook's 28 U.S.C. § 2255 motion. Because the motion for reconsideration was not filed within ten days after entry of the judgment, this Court correctly determined that Cook's motion for reconsideration could not be treated as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). The District Court properly construed and treated Cook's motion for reconsideration as a motion for relief from the judgment brought pursuant to Fed. R. Civ. P. 60(b). On February 6, 2006, this District Court denied Cook's motion for reconsideration under Fed. R. Civ. P. 60(b).

On February 9, 2006, Cook made a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend

4

the memorandum and order entered by the District Court on February 6, 2006, denying his motion for reconsideration. Cook wanted the District Court to treat his motion for reconsideration filed on August 25, 2005, as having been filed no later than August 19, 2005. In other words, Cook sought to have his motion for reconsideration treated as having been filed on August 19, 2005, so that it could be considered as being a timely motion under Rule 59(e) to alter or amend the judgment entered on August 8, 2005, denying and dismissing Cook's 28 U.S.C. § 2255 motion. Cook's attorney, Mr. Brandt, contended that he attempted unsuccessfully on August 19, 2005, to electronically file Cook's motion for reconsideration with the Clerk of the District Court in Chattanooga, Tennessee, but was prevented from doing so due to circumstances beyond Brandt's control. Brandt asserted that because of a computer upgrade to the District Court's electronic filing system (ECF), Brandt's ECF login name and password were not current and the ECF system would not accept electronic filing of Cook's motion for reconsideration on August 19, 2005. Brandt ended up mailing the motion for reconsideration in paper form to the Clerk of the District Court.

On February 18, 2006, the District Court denied Cook's motion for relief under Fed. R. Civ. P. 59(e). This Court determined that it could not treat Cook's motion for reconsideration as having been filed on August 19, 2005, when it was actually filed on August 25, 2005. Cook took an appeal to the Sixth Circuit Court of Appeals from the District Court's February 18, 2006 memorandum and order denying his Rule 59(e) motion to alter or amend judgment. After reviewing the case in great detail and depth, the Sixth Circuit affirmed the District Court's decision and dismissed Cook's appeal. The Sixth Circuit rejected Cook's arguments regarding attorney Brandt's unsuccessful attempt to electronically file Cook's motion for reconsideration with the Clerk of the District Court by ECF on August 19, 2005. *Cook v. United States*, 246 Fed. Appx. 990, 2007 WL 2566014 (6th Cir.

Sept. 5, 2007), *cert. denied*, 553 U.S. 1090 (2008). Cook now seeks to resurrect this same matter by bringing his instant civil action for breach of contract against defendants Ric Cooper and A1 Action Investigations.

### III. Plaintiff Cook's Complaint

Cook's civil complaint [Doc. No. 4] alleges the following. Federal prisoner Cook contends that he is a citizen of California. Defendant Ric Cooper ("Cooper") is a citizen and resident of Tennessee. Cooper is sued individually and in his "official capacity" as the owner/corporate officer of defendant A1 Action Investigations. The complaint avers that A1 Action Investigations is a corporation operating in Tennessee with its principal place of business in Chattanooga.

The complaint alleges that on April 19, 2008, Cook and the defendants entered into a contract in Tennessee. Cook had his sister, Yolanda Taylor, forward an unspecified sum of Cook's money to the defendants to pay for their services. Defendants agreed to perform an investigation to determine whether the computer system utilized by the United States District Court for the Eastern District of Tennessee for the electronic filing of documents (ECF) malfunctioned on August 19, 2005, and to provide Cook with "documented evidence prior to the conclusion of Plaintiff's then pending appellate review." The complaint claims that defendants Cooper and A1 Action Investigations breached the contract by failing to perform their obligations to conduct the investigation and acquire evidence about the status of the District Court's computer system and electronic filing of documents (ECF) prior to the conclusion of Cook's "appellate review."

The Court infers that the phrase "then pending appellate review" in the complaint is a reference to Cook's unsuccessful appeal to the Sixth Circuit Court of Appeals and Supreme Court of the United States concerning his 28 U.S.C. § 2255 proceeding. On September 5, 2007, the Sixth

6

Circuit issued its decision in *Cook*, 246 Fed. Appx. 990, 2007 WL 2566014, affirming the District Court's February 18, 2006 order denying Cook's Rule 59(e) motion to alter and amend judgment. Cook entered into the contract with defendants Cooper and A1 Action Investigations on or about April 19, 2008. Cook filed a petition for writ of certiorari to the Supreme Court of the United States on April 29, 2008 (Supreme Court Case No. 07-10798). On June, 2, 2008, the Supreme Court denied Cook's petition for writ of certiorari. *Cook v. United States*, 553 U.S. 1090 (2008). Cook subsequently decided that it was too late for defendants Cooper and A1 Action Investigations to complete the investigation and provide assistance to Cook in his appellate review.

The complaint further claims that as a result of the defendants' alleged breach of contract, plaintiff Cook has suffered an injury and damages in the amount of $450,250, which includes, but is not limited to, "loss of appellate review, denial of his liberty and due process rights, irrevocable loss of liberty, mental stress and anguish." In other words, the complaint avers that the defendants' breach of contract caused an injury in that Cook's appeal to the Sixth Circuit Court of Appeals in the 28 U.S.C. § 2255 proceeding was dismissed, and Cook was unable to have his judgment of conviction vacated and obtain his release from federal imprisonment.

**IV.    Analysis**

    **A.    *Erdman v. Robinson***

The Sixth Circuit's opinion in *Erdman v. Robinson*, 115 Fed. Appx. 778, is instructive and has direct application to the review of Cook's complaint. Michigan state prisoner Dennis Erdman brought a *pro se* civil action in federal district court and sought to invoke diversity jurisdiction under 28 U.S.C. § 1332(a). Seeking money damages and injunctive relief, Erdman sued defendant Robinson who was doing business as National Legal Professional Associates ("NLPA").

Erdman's complaint alleged the following. Robinson doing business as NLPA entered into a contract with Erdman's brother. In exchange for $2,150, NLPA agreed to perform a "case evaluation" concerning possible avenues of post-conviction relief that might be available to Erdman to mount a challenge against his state court manslaughter conviction. NLPA's services were subsequently terminated and NLPA made a partial repayment of the $2,150 fee to Erdman's brother. Erdman sued Robinson doing business as NLPA for negligence and breach of contract. In an effort to establish diversity jurisdiction under 28 U.S.C. § 1332(a), Erdman claimed that he had suffered damages exceeding $400,000. Erdrman asserted that but for NLPA's negligence and breach of contract, his request to file a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2244 would have been granted and Erdman would have been released from imprisonment.

The district court dismissed the complaint on the ground of lack of subject matter jurisdiction. The district court found that Erdman's complaint failed to establish that the amount in controversy actually exceeded $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a). Erdman took an appeal to the Sixth Circuit. On appeal Erdman argued that he had sufficiently established diversity jurisdiction because his complaint pleaded that he had suffered damages exceeding $400,000. The Sixth Circuit rejected Erdman's argument, affirmed the district court's judgment, and dismissed the appeal.

The Sixth Circuit agreed with the district court's decision to dismiss Erdman's complaint on the ground of lack of subject matter jurisdiction because he had not established that the amount in controversy actually exceeded $75,000. To establish diversity jurisdiction, it was not enough for Erdman to simply make a demand in his complaint for damages in excess of $75,000. The Sixth Circuit found it appeared to a legal certainty that Erdman's complaint was really for less than the

8

jurisdictional amount of $75,000.

To be able to make out a viable complaint to recover any money damages, the burden was on Erdman to show that defendant NLPA's conduct had caused Erdman to suffer an injury. The Sixth Circuit reasoned that the only possible way Erdman could prove his claim for money damages would be to show that but for NLPA's negligence or error, Erdman would have been successful in overturning or vacating his judgment of conviction through a writ of habeas corpus. Erdman had previously made unsuccessful efforts to persuade the courts to overturn and vacate his judgment of conviction. Because Erdman could not possibly establish that NLPA caused him any injury or damage, he could not satisfy the $75,000 jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332. *Erdman*, 115 Fed. Appx. at 779-80.

### B. Application of *Erdman v. Robinson* to Plaintiff Cook's Complaint

This Court concludes that Cook is essentially in the same position as Mr. Erdman. Cook's case is not distinguishable from *Erdman*, 115 Fed. Appx. 778, in any material way. Cook's demand for $450,250 in compensatory damages in his complaint is not sufficient on its face to establish that the real amount in controversy actually exceeds $75,000 for the purpose of establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Cook cannot meet the jurisdictional amount required by § 1332(a) merely by making a bare demand in his complaint for $450,250 in damages.

The only possible way Cook could prove that he has been injured by a breach of contract and that he is entitled to recover compensatory damages from defendants Cooper and A1 Action Investigators in excess of $75,000 is if Cook can show that but for the defendants' alleged breach of contract, Cook would have been successful in his appeal to the Sixth Circuit Court of Appeals in the 28 U.S.C. § 2255 proceeding. Cook would have to be able to prove that but for the defendants'

9

breach of contract, Cook's federal judgment of conviction in Case No. 1:95-cr-89 would have been vacated in the § 2255 proceeding and Cook would have gained his release from federal imprisonment.

This Cook cannot do. Cook cannot show that but for the defendants' alleged breach of contract, Cook would have been successful in his appeal to the Sixth Circuit Court of Appeals in the 28 U.S.C. § 2255 proceeding and that Cook's federal judgment of conviction in Case No. 1:95-cr-89 would have been vacated resulting in his release from federal imprisonment. Cook's contentions and arguments to the contrary are frivolous. Cook's judgment of conviction and sentence were affirmed on direct appeal by the Sixth Circuit. *Rooks*, 1999 WL 357830. Cook's motion for post-conviction relief under 28 U.S.C. § 2255 has been denied by this District Court. The denial of the § 2255 motion and the denial of all related motions by Cook for reconsideration in the § 2255 proceeding have been affirmed by the Sixth Circuit.

Cook cannot establish that this Court may exercise diversity jurisdiction over his civil complaint pursuant to 28 U.S.C. § 1332(a). Because Cook cannot prove that the defendants caused him to suffer an injury by preventing Cook from having his judgment of conviction vacated pursuant to 28 U.S.C. § 2255, Cook cannot possibly meet his burden of showing that the amount in controversy actually exceeds $75,000. It appears to a legal certainty that Cook's complaint is really for less than the jurisdictional amount of $75,000. *Erdman*, 115 Fed. Appx. at 780; *Gafford*, 997 F.2d at 156. In the wake of *Erdman*, 115 Fed. Appx. 778, Cook's complaint must be dismissed without prejudice on the ground of lack of subject matter jurisdiction.

## V. **Request for Disqualification of District Judge Edgar**

Cook requests that the undersigned District Judge R. Allan Edgar recuse or be disqualified from presiding in this case. [Doc. No. 9, p. 2]. The Court treats this request as being made pursuant

10

to 28 U.S.C. § 455. Cook disagrees with some orders and decisions rendered by District Judge Edgar which Cook contends demonstrate that District Judge Edgar is biased or prejudiced against him.

28 U.S.C. § 455 provides in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> > (1) Where he has a personal bias or prejudice concerning a party . . . .

Disqualification under 28 U.S.C. § 455 is mandated if a reasonable person, knowing all of the relevant facts and circumstances, might question the judge's impartiality. A federal judge must recuse under § 455 if the judge knows of facts that would undermine the appearance of impartiality in the minds of objectively reasonable persons. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994); *Youn v. Track, Inc.,* 324 F.3d 409, 422-23 (6th Cir. 2003); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988); *United States v. Story*, 716 F.2d 1088, 1090-91 (6th Cir. 1983).

The standard is an objective one. *Liteky*, 510 U.S. 540; *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988); *Dandy,* 998 F.2d at 1349; *Sammons*, 918 F.2d at 599. A judge need not recuse or disqualify himself based solely on the subjective view of a disgruntled party, no matter how strongly that subjective view is held. *Sammons*, 918 F.2d at 599; *Browning v. Folz*, 837 F.2d 276, 279 (6th Cir. 1988); *United States v. Beasley*, 2006 WL 3511146, * 2 (E.D. Tenn. Dec. 4, 2006); *United States v. Kirkpatrick*, 2005 WL 2989314, * 3 (E.D. Tenn. Nov. 7, 2005). Cook bears the burden of showing that an objectively reasonable person, knowing the facts and

circumstances, would believe that District Judge Edgar is biased or prejudiced against him. *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Beasley*, 2006 WL 3511146, at * 2

Disqualification for personal bias or prejudice under 28 U.S.C. § 455 is subject to the limitation of the extrajudicial source doctrine. *Liteky*, 510 U.S. at 540; *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Youn,* 324 F.3d at 423; *United States v. Howard,* 218 F.3d 556, 566 (6th Cir. 2000); *United States v. Hartsell*, 199 F.3d 812, 820 (6th Cir. 1999); *Reed v. Rhodes,* 179 F.3d 453, 468 (6th Cir. 1999); *Green v. Nevers*, 111 F.3d 1285, 1303-04 (6th Cir. 1997); *Sammons*, 918 F.2d at 599; *Easley*, 853 F.2d at 1356; *Story*, 716 F.2d at 1090-91. The alleged bias or prejudice must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Grinnell Corp.*, 384 U.S. at 583; *accord United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005); *Youn*, 324 F.3d at 423; *Sammons*, 918 F.2d at 599; *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989); *Beasley*, 2006 WL 3511146, * 3; *Kirkpatrick,* 2005 WL 2989314, at *3.

Cook is required to allege specific, non-conclusory facts showing a personal bias or prejudice against him that emanates from an extrajudicial source as distinguished from a judicial source, i.e. court proceedings. The alleged personal bias or prejudice must arise out of the judge's background and associations, and not from the judge's views or interpretations of the law. *Youn,* 324 F.3d at 423; *Ullmo*, 273 F.3d at 681; *Consolidated Rail Corp.*, 170 F.3d at 597; *Green,* 111 F.3d at 1303-04; *Story*, 716 F.2d at 1090-91. Cook cannot make the requisite showing of personal bias or prejudice necessary to disqualify under 28 U.S.C. § 455 based on an extrajudicial source merely by arguing that District Judge Edgar has made, what Cook believes to be, erroneous judicial decisions. *Beasley*, 2006

WL 3511146, * 3; *Kirkpatrick*, 2005 WL 2989314, at *3.

In *Liteky,* the Supreme Court explains several important guiding principles. Judicial rulings alone almost never constitute a valid basis to disqualify a judge on the ground of personal bias or prejudice. Only in the rarest of circumstances will a judicial decision evidence the degree of personal bias, animosity, or prejudice required for disqualification when no extrajudicial source is involved. Almost invariably, judicial decisions may be appealed but they are not a proper basis for disqualification under 28 U.S.C. § 455. An opinion formed by a judge on the basis of facts introduced or events occurring in the course of judicial proceedings does not constitute a valid basis for a motion to disqualify unless the judge's opinion displays "a deep-seated favoritism or antagonism that would make fair judgment impossible." Judicial remarks and comments that are critical or disapproving of, or even hostile to, a party or counsel, or to a party's case, ordinarily do not support a motion to disqualify a judge on the ground of personal bias or prejudice. *Liteky*, 510 U.S. at 555; *Alley v. Bell,* 307 F.3d 380, 388 (6th Cir. 2002); *Warfield v. Lebanon Correctional Inst.,* 181 F.3d 723, 731 (6th Cir. 1999); *Green*, 111 F.3d at 1303-04; *Kirkpatrick*, 2005 WL 2989314, at *4.

Cook does not allege and show sufficient facts to demonstrate that District Judge Edgar harbors a personal bias or prejudice against him emanating from an extrajudicial source. Cook has not presented facts that would support a federal judge's disqualification ounder 28 U.S.C. § 455. A rational, objective person reviewing the record in this case could not reasonably believe that District Judge Edgar is personally biased or prejudiced against Cook.

The orders and decisions rendered by District Judge Edgar in this case do not contain any improper comments or hostile remarks that display a deep-seated personal bias, prejudice, or

13

antagonism against Cook that would make fair and impartial judgment in this case impossible. Cook may subjectively believe that District Judge Edgar is biased or prejudiced against him. However, District Judge Edgar need not disqualify himself based on the mere subjective views of Cook, no matter how strongly those subjective views are held. *Sammons*, 918 F.2d at 599; *Browning*, 837 F.2d at 279; *Beasley*, 2006 WL 3511146, at * 4.

Accordingly, plaintiff Cook's request that District Judge R. Allan Edgar recuse or be disqualified from presiding in this case under 28 U.S.C. § 455 [Doc. No. 9, p. 2] is **DENIED**.

## VI. Conclusion

Plaintiff Cook's complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(h)(3) on the ground of lack of subject matter jurisdiction. *Erdman*, 115 Fed. Appx. 778. A separate judgment will be entered in accordance with this memorandum and order.

SO ORDERED.

ENTERED this the 31st day of January, 2011.

                               */s/ R. Allan Edgar*
                             R. ALLAN EDGAR
                     UNITED STATES DISTRICT JUDGE